## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SAMANTHA SPOKAS,
Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Insurance
Company, and KEVIN CAHILL,
Defendants,

---

## COMPLAINT AND JURY DEMAND

---

### PARTIES

1.     Plaintiff Samantha Spokas is a citizen of Colorado who presently resides in the City

of Aurora, Colorado.

2.     Defendant Kevin Cahill ("Cahill") is a citizen of Nebraska who presently resides in

the City of Omaha, Nebraska.

3.     Defendant American Family Mutual Insurance Company ("American Family") is a

Wisconsin company with its principle office address of 6000 American Parkway, Madison, WI

53783-0001.

### JURISDICTION AND VENUE

4.     Plaintiff brings this Complaint and Jury Demand against Defendant Cahill for his

negligence while operating a motor vehicle, causing injury to Plaintiff.  Defendant Cahill and

1

Plaintiff are citizens of different states and the amount in controversy exceeds $75,000.00. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

5. Plaintiff brings this Complaint and Jury Demand against Defendant American Family, which is a corporation with its principal place of business in Wisconsin. Plaintiff is a citizen of Colorado. The amount in controversy exceeds $75,000. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

6. Venue is proper in a judicial district in which any Defendant resides. Defendant American Family resides in the State of Colorado. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## NATURE OF THE CASE AND GENERAL ALLEGATIONS AGAINST THE DEFENDANT KEVIN CAHILL

7. On or about February 13, 2009, at approximately 11:49 am, Plaintiff was driving her 2003 Kia Sorento insured by Defendant American Family.

8. On or about February 13, 2009, Defendant Cahill was driving a 1997 Subaru Legacy.

9. Defendant Cahill failed to maintain control of his vehicle, and therefore struck the 2003 Kia Sorento with his 1997 Subaru Legacy. The impact of the collision caused Plaintiff to collide with a third vehicle, which was sent careening off of the roadway.

10. Defendant Cahill failed to maintain control of his vehicle in adverse weather conditions, make a proper lane change, keep proper lookout, and pay attention to traffic conditions around him. Therefore, Defendant Cahill operated his vehicle in a negligent and/or careless manner causing the subsequent motor vehicle collision.

11. As a direct and proximate result of Defendant Cahill's negligence and/or carelessness, as described above, Plaintiff suffered multiple contusions, bruises, and further related injuries to her

2

muscular, skeletal, nervous and psychic systems. Plaintiff will need future surgical care to her cervical spine.

12. As a direct and proximate result of Defendant Cahill's negligence and/or carelessness, Plaintiff has suffered injuries and has incurred reasonable and necessary medical expenses in excess of $31,623.31 to date. Plaintiff has sustained a loss of wages and/or earning capacity as a result of this accident in an amount to be determined at time of trial.

13. As a direct and proximate result of the negligence and/or carelessness of Defendant Cahill, Plaintiff has in the past endured pain and suffering and will in the future endure pain and suffering; has incurred the services of doctors, nurses and hospitals and will in the future incur the services of doctors, nurses and/or hospitals; has been required to obtain medicines, medical equipment, and will in the future be required to obtain medicines, medical equipment; will in the future suffer an impairment of her earning capacity; has in the past suffered the loss of enjoyment of a full and complete life and continues to suffer a loss of enjoyment of a full and complete life all to his damage in an amount to be determined at the time of trial.

14. Both Defendant Cahill and the 1997 Subaru Legacy were uninsured at the time of the subject motor vehicle collision.

## NATURE OF THE CASE AND GENERAL ALLEGATIONS AGAINST DEFENDANT AMERICAN FAMILY

15. Plaintiff purchased a policy of automobile insurance through Defendant American Family, in the State of Colorado. The policy number is 0930-3480-03-62-FPPA-CO.

16. Under this policy of insurance, Defendant American Family contracted to provide all drivers covered on Mr. Spokas' policy, along with their passengers with Uninsured Motorist Coverage in the amount of $250,000.00 per person/$500,000 per accident.

17.     This policy remained current and in effect during all time periods relevant to this Complaint.

18.     Prior to the collision, Mr. Spokas paid an insurance premium to Defendant American Family for the above-mentioned coverage and policy of insurance.  Defendant American Family accepted the premium payment with the promise that it would provide the coverages stated in the policy of insurance and in accordance with the requirements of Colorado law.

19.     Plaintiff was insured with Defendant American Family for the limits of $250,000.00 per person/$500,000.00 per accident Uninsured Motorist coverage.

20.     Under the policy provisions of Defendant American Family's uninsured motorist vehicle coverage, Defendant Cahill was an "uninsured" driver at the time of the subject motor vehicle collision.

## FIRST CLAIM FOR RELIEF: NEGLIGENCE
### (Kevin Cahill)

21.     Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 20 of this Complaint as if set forth *verbatim*.

22.     Defendant Cahill owed a duty to Plaintiff to exercise reasonable care in the operation of his motor vehicle, a 1997 Subaru Legacy.

23.     In operating said vehicle, Defendant Cahill breached his duty and was negligent and careless in the following respects:

      a.     Driving carelessly;

      b.     Driving negligently;

      c.     Failure to maintain control of his vehicle in adverse weather conditions;

      d.     Improper lane change;

      e.     Improper lookout;

4

    f.     Inattention to traffic conditions around him;

    g.     Generally operating his vehicle in a negligent and careless manner.

24.     As a direct, foreseeable, and proximate result of the negligence, carelessness, and recklessness of Defendant Cahill, Plaintiff suffered and will suffer including but not limited to, the following injuries, losses, and damages:

    a.     Temporary and permanent physical injuries, disabilities, and impairments;

    b.     Laceration of skin of eyelids and periocular area;

    c.     Lumbar sprain;

    d.     Neck sprain;

    e.     Low back pain/Lumbago;

    f.     Pain in thoracic spine;

    g.     Concussion;

    h.     Cervicalgia;

    i.     Headache;

    j.     Other specified open wound of ocular adnexa.

    k.     Economic losses;

    l.     Non-economic losses; and

    m.     Physical impairment and disfigurement.

25.     On or about February 13, 2009, Defendant Cahill was 100% negligent and/or careless and/or reckless in causing this collision.

## SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT – UNINSURED MOTORIST
### (American Family)

26.     Plaintiff incorporates herein by this reference the allegations contained in Paragraphs

1 through 25 of this Complaint as if set forth *verbatim*.

27.    At the time of the collision, Plaintiff was an insured person as defined by the relevant insurance contract.

28.    At the time of the aforementioned collision, Ms. Spokas was insured by a contract of insurance with Defendant American Family Insurance under policy No. 0930-3480-03-62-FPPA-CO.

29.    The relevant insurance contract provided that Defendant American Family would pay compensatory damages for bodily injury, which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle.

30.    The relevant insurance contract defines an uninsured motor vehicle as a land motor vehicle that is not insured by a bodily injury liability bond or policy at the time of the accident.

31.    At the time of the collision, the at-fault driver, Defendant Cahill, did not carry insurance that would provide coverage for the collision.

32.    As a result of the collision, Plaintiff sustained significant damages.

33.    At the time of the collision, Plaintiff was eligible to receive benefits from Defendant American Family for $250,000.00 per person/$500,000.00 per accident in uninsured motorist coverage, policy No. 0930-3480-03-62-FPPA-CO.

34.    Accordingly, Plaintiff is entitled to receive the coverage available from Defendant American Family for damages sustained in the February 13, 2009 collision.

35.    Defendant American Family owed Plaintiff a duty to pay necessary coverage for which Plaintiff is eligible, as Plaintiff is an insured.

36.    C.R.S. § 10-3-1104(1)(h) (2009) lists conduct that is deemed to be indicative of unreasonable conduct by an insurer.

37.    Under C.R.S. § 10-3-1104(1)(h), Defendant American Family willfully acted

unreasonably in the following ways:

    a.    Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    b.    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    c.    Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    d.    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    e.    Failing to adopt and implement reasonable standards for the prompt resolution of medical payment claims.

38.    Defendant American Family breached their contract(s) with Plaintiff by failing to pay the benefits for which Plaintiff was eligible.

39.    As a direct consequence of Defendant American Family's breach of contractual duties to their insured, Plaintiff suffered damages and injuries for which Defendant American Family are legally liable, including, but not limited to, additional litigation costs and emotional distress.

### THIRD CLAIM FOR RELIEF: BAD FAITH BREACH OF CONTRACT – UNINSURED MOTORIST
### (American Family)

40.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 39 of this Complaint as if set forth *verbatim*.

41.    At the time of the collision, Plaintiff was eligible to receive benefits under a policy of

insurance through Defendant American Family under Policy No. 0930-3480-03-62-FPPA-CO.

42.     At the time of the collision, Plaintiff was an insured person as defined by the relevant insurance policy.

43.     The relevant insurance contract provided that Defendant American Family would pay compensatory damages for bodily injury, which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle.

44.     The insurance policy defines an uninsured motor vehicle as a land motor vehicle which is not insured by a bodily injury liability bond or policy at the time of the accident.

45.     At the time of the collision, the at-fault driver, Defendant Cahill, was an uninsured motorist within the contractual definition, lacking bodily injury or liability insurance.

46.     Plaintiff was eligible to receive benefits through Defendant American Family for uninsured motorist coverage in the amount of $250,000.00 per person/$500,000.00 per accident in uninsured motorist coverage, policy No. 0930-3480-03-62-FPPA-CO.

47.     Defendant American Family knew their failure to pay Plaintiff amounts to which she was entitled was unreasonable.

48.     Defendant American Family recklessly disregarded the fact that their failure to pay Plaintiff was unreasonable.

49.     C.R.S. § 10-3-1104(1)(h) (2009) lists conduct that is deemed to be indicative of unreasonable conduct by an insurer.

50.     Under C.R.S. § 10-3-1104(1)(h), Defendant American Family willfully acted unreasonably in the following ways:

        a.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

        b.     Not attempting in good faith to effectuate prompt, fair, and equitable

settlements of claims in which liability has become reasonably clear;

c.     Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

d.     Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

e.     Failing to adopt and implement reasonable standards for the prompt resolution of medical payment claims.

51.     Despite repeated requests by Plaintiff's counsel, Defendant American Family has failed to pay any uninsured motorist benefits to Plaintiff.

52.     Defendant American Family acted in bad faith and breached their contractual obligations to Plaintiff and engaged in a pattern and practice of failing to pay benefits for which Plaintiff is eligible.

53.     Defendant American Family also acted in bad faith and breached their contractual obligations to Plaintiff by attempting to render contracted for uninsured motorist insurance coverage superfluous.

54.     As a direct consequence of Defendant American Family's breach of duty to their insured, Plaintiff has suffered damaged and injuries for which Defendant American Family is legally liable, including, but not limited to additional litigation costs, and emotional distress.

## FOURTH CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY
### (American Family)

55.     Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 54 of this Complaint as if set forth *verbatim*.

9

56. Defendant American Family was entrusted by Plaintiff to act in the interest of Plaintiff in regard to her uninsured motorist claim.

57. Defendant American Family had the legal power to act in the interest of Plaintiff, an insured, in regard to Plaintiff's claims.

58. Defendant American Family was acting in a fiduciary capacity to Plaintiff, an insured, with respect to Plaintiff's uninsured motorist insurance coverage.

59. Defendant American Family breached their fiduciary duty when they failed to pay Plaintiff the full amount of damages to which she is legally entitled.

60. As a direct consequence of Defendant American Family's breach of their fiduciary duty to their insured, Plaintiff has suffered damages and injuries for which Defendant American Family is legally liable, including, but not limited to additional litigation costs, and emotional distress.

## FIFTH CLAIM FOR RELIEF: VIOLATION OF C.R.S. § 10-3-1116(1)
### (American Family)

61. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 60 of this Complaint as if set forth *verbatim*.

62. Defendant American Family has continued to unreasonably deny and delay benefits to Plaintiff under their insurance contract, contrary to Colorado law.

63. Pursuant to C.R.S. § 10-3-1116(1), Plaintiff is entitled to reasonable attorney fees and two times the covered benefits.

## SIXTH CLAIM FOR RELIEF: UNJUST ENRICHMENT;
### MORATORY INTEREST)
### (American Family)

64. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs

1 through 63 of this Complaint as if set forth *verbatim.*

65.   Defendant American Family wrongfully withheld monies from Plaintiff.

66.   Plaintiff requests that this Court enter an order, requiring Defendant American Family to pay her prejudgment interest on the monies wrongfully withheld, pursuant to C.R.S. § 5-12-102.

## REQUEST FOR RELIEF

67.   Plaintiff requests the following relief:

a.   For an amount which will reasonably compensate the Plaintiff for non economic damages; and

b.   For an amount which will reasonably compensate the Plaintiff for economic damages; and

c.   For an amount which will reasonably compensate the Plaintiff for pain and suffering; and

d.   For an amount which will reasonably compensate the Plaintiff for emotional stress; and

e.   For interests from the date of the incident which forms the basis of this litigation as it is provided by common law, statute, or in the alternative for monetary interest; and

f.   For costs and attorneys fees incurred in prosecuting this action and for such other and further relief as to the Court would see just.

Respectfully Submitted this 13th day of February 2012.

LAW OFFICE OF JASON W. JORDAN, LLC

/s/ Jason W. Jordan
This pleading was filed electronically pursuant to Rule 121 § 1-26. The original signed pleading is on file in counsel's office.

Plaintiff's Counsel:
Jason W. Jordan, Esq.
Law Offices of Jason W. Jordan, LLC
7535 East Hampden Ave., Suite 352
Denver, CO 80231
(303) 766-8153
Jason@jordanlegal.net

Plaintiff:
Samantha Spokas
19783 E. Fair Place
Aurora, CO 80016