IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00380-WYD-KLM

SAMANTHA SPOKAS,

        Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

        Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiff's Amended Motion for Judgment (ECF No. 102) and Defendant's Memorandum Regarding Order of Judgment (ECF No. 97).  Pursuant to my order dated June 9, 2015, the parties each filed responses to the above-referenced pleadings.  On June 25, 2015, I held a hearing on the motions and heard argument from both parties who appeared in person.

I.    INTRODUCTION

The parties, Plaintiff Samantha Spokas (hereinafter "Plaintiff" or "Spokas") and Defendant American Family Mutual Insurance Company (hereinafter "Defendant" or "American Family"), tried this bad faith breach of insurance contract case to a jury on April 6, 2015.  The jury found in favor of Plaintiff as to all three of her claims: (1) breach of insurance contract; (2) common law bad faith; and (3) violation of Colo. Rev. Stat. §§ 10-3-1115 and 1116.  With regard to the breach of contract claim, the jury awarded Plaintiff $490,791.52 in damages as a result of Dr. Cahill's negligence, comprised of: (1) $341,891.52 in economic damages; (2) $95,000 in noneconomic damages; and (3)

$53,900 in physical impairment damages.  The jury separately awarded Plaintiff

$163,500 in noneconomic damages on the common law bad faith claim.[1]  Finally, with

regard to her statutory bad faith claim, the jury independently determined that American

Family unreasonably delayed and/or denied payment of UM benefits in the amount of

$490,791.52.  In her pending motion, Plaintiff requests damages, attorney fees and

costs, a prejudgment interest award, and an entry of final judgment in her favor for

$2,910,097.61.

The parties agree that the Judgment entered in this case should include

prejudgment interest on the damages awarded for the breach of contract claim

($490,791.52) at a rate of 9% per annum from the date of the accident, compounding

annually from the date suit was filed.[2]  The parties further agree that Plaintiff is entitled

to prejudgment interest at this same rate on the jury's award of noneconomic damages

caused by American Family's common law bad faith breach of insurance contract.

Thus, the parties agree that Plaintiff is entitled to recover $1,019,392.93 on her claims

for breach of contract and common law bad faith.

However, the parties disagree on the amount Plaintiff can recover under her

statutory claim for unreasonable delay and denial of benefits under Colo. Rev. Stat.

§§ 10-3-1115 and 1116 and whether prejudgment interest should be added to the

statutory claim.  Additionally, Plaintiff seeks attorney fees in the amount of $225,327.50

---

[1] These amounts are independent of the statutory bad faith claim.

[2]   The parties agree that this amount includes the jury's award of breach of
contract damages ($490,791.52) minus the offset of the amount American Family paid
to Plaintiff as MedPay benefits ($8,461.11).  Thus, the interest calculation uses
$482,330.41 as the starting point rather than the $490,791.52 awarded by the jury.

and costs in the amount of $58,530.84.  For reasons stated below and explained at the

June 25, 2015 hearing, I find that Plaintiff's motion for judgment should be granted in

part and denied in part.

II.    DISCUSSION

    A.    Whether Plaintiff Can Recover Two Times the Covered Benefit in Addition
          to the Covered Benefit Itself Pursuant to Colo. Rev. Stat. § 10-3-1116

    The parties do not dispute the amount of the covered benefit ($482,280.41), but

do dispute the amount of permissible statutory damages.  Plaintiff asserts that an

insured party may recover two times the covered benefit as statutory damages under

Colo. Rev. Stat. § 10-3-1116 in addition to the covered benefit itself.  On the other hand,

American Family argues that Plaintiff may only recover a total amount of two times the

covered benefit, and that this recovery includes the covered benefit.

    Under Colorado law, when an insurer unreasonably delays or denies a claim for

a covered benefit, an insured party "may bring an action in a district court to recover

reasonable attorney fees and court costs and **two times the covered benefit**."  Colo.

Rev. Stat. § 10-3-1116(1) (emphasis added).  State law also provides that such an

action "is in addition to, and does not limit or affect, other actions available by statute or

common law, now or in the future.  Damages awarded pursuant to this section shall not

be recoverable in any other action or claim."  Colo. Rev. Stat. § 10-3-1116(4).

    Citing *Hansen v. American Family Mutual Ins. Co.*, No. 11CA1430, 2013 WL

6673066 (Colo. App. Dec. 19, 2013),[3] Plaintiff claims that she is entitled to damages

---

    [3] On November 3, 2014, the Colorado Supreme Court granted certiorari in
*Hansen*, and will address this same issue currently before me, "[w]hether section 10-3-
1116, C.R.S. (2014), authorizes an insured whose claim has been unreasonably

consisting of the covered benefit, which is the damage amount from her breach of contract claim plus the statutory damages authorized under § 10-3-1116, which she argues should total two times the covered benefit.  In other words, Plaintiff argues that in addition to judgment for the damages awarded to her on her breach of contract claim, the Court must double this amount pursuant to Colo. Rev. Stat. § 10-3-1116, and include the "doubled" amount in the final judgment, together with the full value of the breach of contract claim.  (ECF No. 102 at 6).

Alternatively, American Family argues that the award available under § 10-3-1116(1) constitutes a penalty that limits an insured's total recovery to two times the covered benefit that is inclusive of the benefit itself.

Turning to my analysis, I note that in cases grounded in diversity jurisdiction, my task is "not to reach [my] own judgment regarding the substance of the common law, but simply to ascertain and apply the state law."  *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007) (internal quotations and citations omitted).  Thus, here, I must follow the most recent decisions of the Colorado Supreme Court, and if there are none, I must "predict what the state supreme court would do."  *Id.* at 666.  However, when no controlling Colorado state decision exists, I "may seek guidance from decisions rendered by lower [Colorado] state courts ... and the general weight and trend of authority in the relevant area of law."  *Id.*

While this exact issue is currently on appeal before the Colorado Supreme Court

---

delayed or denied to bring an action to recover two times the covered benefit in addition to the covered benefit itself."  *Hansen v. American Family Mutual Ins. Co.*, No. 14SC99, 2014 WL 5510047 (Colo. November 3, 2014).

in *Hansen*, there is no controlling Colorado Supreme Court authority at the present time, and other courts interpreting this language have come to conflicting conclusions.  In *Hansen*, the Colorado Court of Appeals held that an insured party may recover the amount of an unreasonably delayed or denied benefit as well as two times the amount of that covered benefit in statutory damages under Colo. Rev. Stat. § 10-3-1116. *Hansen*, 2013 WL 6673066 (Colo. App. Dec. 19, 2013); *Mahoney, v. Am. Family Mutual Ins. Co.*, 2012 WL 4711921 (Colo. App. Oct. 4, 2012) (holding that "10-3-1116(1) provides for an award of two times the covered benefit on statutory bad faith claims, regardless of whether an insurer paid the covered benefits by the time of trial."). Additionally, in *Rabin v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107 (D. Colo. 2012), District Judge Babcock engaged in a detailed interpretation of the statutory language, finding that:

> [n]owhere does the section state that "two times the covered benefit" shall include or account for those benefits already paid or sought in another claim.  Nor does it state that an insured-plaintiff's total recovery is capped at two times the amount of covered benefits or that the court must subtract from the section 1116 verdict any benefits already paid or awarded elsewhere.  Section 1116 prescribes what a plaintiff may recover under a claim brought thereunder, not what a plaintiff may be left with after aggregating a section 1116 award, other claims, and prior payments. I thus read section 1116(1) as allowing Rabin to recover two times those benefits that he claims were unreasonably delayed or denied while also receiving those benefits themselves from prior payments or other claim awards.
>
> Section 1116(4) bolsters my determination.  It states that "[t]he action authorized in this section is in addition to, and does not limit or affect, other actions available by statute or common law, now or in the future. Damages awarded pursuant to this section shall not be recoverable in any other action or claim." Colo. Rev. Stat. § 10–3–1116(4) (emphasis added).  Section 1116 thus explicitly contemplates and countenances that an insured may simultaneously bring a breach of contract claim to recover certain benefits he was denied and a section 1116 claim for double those

benefits if they were unreasonably denied, a question to be resolved at trial, resulting in the insured potentially receiving three times those benefits.  Allowing an insured to sue for two times those benefits that were paid but were unreasonably delayed does not seem inconsistent.

*Id.* at 1111-1112.

I find that the *Rabin* and *Hansen* decisions along with several other federal cases interpreting Colo. Rev. Stat. § 10-3-1116 to be well reasoned and sound.  *See Home Loan Investment Co. v. St. Paul Mercury Ins. Co.,* No. 12-cv-02308-CMA-CBS, 2014 WL 6723965 (D. Colo. Nov. 25, 2014); *Etherton v. Owners Ins. Co.*, No. 10-cv-00892-PAB-KLM, 2013 WL 5443068 (D. Colo. Sept. 30, 2013); *D.R. Horton, Inc. Denver v. Mountain States Mut. Cas. Co.*, No. 12-cv-01080-RBJ, 2013 WL 6169120 (D. Colo. Nov. 25, 2013).  I agree that the phrase "covered benefit" as used in § 10-3-1116(1) does not incorporate the amount of contract damages into the amount a plaintiff can recover, but rather uses the covered benefit as an amount for calculating the penalty.  I also interpret § 10-3-1116(4) to mean that recovery of damages for a breach of contract claim is not barred, but recovery of penalty damages under § 10-3-1116 and penalty or punitive damages brought pursuant to another claim, such as the Colorado Consumer Protection Act, is barred.  *See Etherton*,  2013 WL 5443068, at *3; *Home Loan*, 2014 WL 6723965, at *3.  Finally, I find that American Family has failed to show that the Colorado Supreme Court would decide this issue differently than the Colorado Court of Appeals in *Hansen*.[4]

---

[4] I note that American Family has proffered several state and federal district court decisions that support its interpretation of § 10-3-1116.  However, these decisions were largely decided prior to *Hansen*, and, based on my analysis, I disagree with the statutory interpretation therein.

Accordingly, I find that Plaintiff is entitled to recover the covered benefit itself plus two times the covered benefit pursuant to Colo. Rev. Stat. § 10-3-1116.

      B.   <u>Whether Plaintiff is Entitled to Recover Prejudgment Interest on the Statutory Claim</u>

As an initial matter, the parties agree that the Judgment entered in this case should include prejudgment interest on the jury's award of breach of contract damages (less the offset paid as MedPay benefits), which totals $482,330.41, at a rate of 9% per annum from the date of the accident, compounding annually from the date suit was filed. However, Plaintiff is also seeking prejudgment interest on her statutory claim pursuant to Colo. Rev. Stat. § 13-21-101, which provides:

> (1) In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and, on and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date, and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof.

*Id.*

As a federal court sitting in diversity, I apply state law, not federal law, to the issue of prejudgment interest. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1156 (10th Cir. 2000). "When an insurer improperly denies a claim, prejudgment interest is permitted on the amount of compensatory damages reflecting

-7-

the benefit that the insured would have realized under the insurance contract, from the time of the wrongful withholding." *Herod v. Colo. Farm Bureau Mut. Ins. Co.*, 928 P.2d 834, 838 (Colo. App. 1996).  However, prejudgment interest is not allowed on punitive damages.  *Vickery v. Evans*, 266 P.3d 390 (Colo. 2011).  Nor is prejudgment interest allowable on treble damages recovered pursuant to statute.  *Becker v. Tenenbaum v. Eagle Restaurant Co.*, 946 P.2d 600 (Colo. App. 1997).

Accordingly, given Colorado law, I find that Plaintiff is not entitled to prejudgment interest on any damages awarded pursuant to Colo. Rev. Stat. § 10-3-1116.  I find that § 10-3-1116 is penal in nature and designed to promote deterrence, thus this portion of the damages is not properly subject to prejudgment interest.  Additionally, as I explained at the June 25, 2015 hearing in detail, the jury separately determined that the amount of uninsured motorist benefits that American Family delayed or denied without reasonable basis was $490,791.52.  This amount is not identified as compensatory damages but rather damages for Plaintiff's claim under Colo. Rev. Stat. § 10-3-1116.  For reasons stated on the record, I simply cannot presume that this damage amount is related to the jury's award for Plaintiff's breach of contract claim.  Furthermore, I could not find any authority (and Plaintiff provided none) where other courts have taken the amount of damages awarded for a breach of contract claim, added prejudgment interest, and then doubled this amount pursuant to Colo. Rev. Stat. § 10-3-1116.  Thus, Plaintiff's argument is rejected.

C.     Whether Plaintiff is Entitled to Recover Reasonable Attorney Fees

Plaintiff also seeks an award of reasonable attorney fees and costs, as authorized by Colo. Rev. Stat. § 10-3-1116(1), which provides for a recovery of

-8-

"reasonable attorney fees and court costs and two times the covered benefit."  I note

that American Family agrees that Plaintiff is entitled to "reasonable attorney fees for

prosecution of the statutory claim, and costs attributed to the statutory claim."  (ECF No.

97).

Plaintiff submits and requests reasonable attorney fees in the amount of

$225,327.50.  Plaintiff's claim for attorney fees is governed by Colorado law.  In

Colorado, if a statute providing for an award of reasonable attorney fees does not

provide a definition of reasonableness, "the amount of the award must be determined in

light of all the circumstances, based upon the time and effort reasonably expended by

the prevailing party's attorney."  *Tallitsch v. Child Support Services, Inc.*, 926 P.2d 143,

147 (Colo. App. 1996) (internal quotation and citation omitted).  Section 10-3-1116 does

not provide a definition of reasonableness.  Nevertheless, "[i]n awarding attorney fees,

the trial court may consider, among other factors, the amount in controversy, the

duration of representation, the complexity of the case, the value of the legal services to

the client, and the usage in the legal community concerning fees in similar cases.  No

one of these factors is conclusive."  *Melssen v. Auto–Owners Ins. Co.*, 285 P.3d 328,

339 (Colo. App. 2012) (citation omitted).  "The party requesting an award of attorney

fees bears the burden of proving by a preponderance of the evidence its entitlement to

such an award."  *American Water Development, Inc. v. City of Alamosa*, 874 P.2d 352,

383 (Colo. 1994).

The Colorado and federal standards for calculating reasonable attorney fees are

essentially identical.  The starting point for any calculation is the "lodestar," that is, the

number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley*

*v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017–18

(10th Cir. 1996).  In determining the reasonable number of hours spent on the litigation,

the applicant must exercise the same "billing judgment" as would be proper in setting

fees for a paying client.  *Hensley*, 461 U.S. at 437; *Malloy*, 73 F.3d at 1018.  "Hours that

are not properly billed to one's client also are not properly billed to one's adversary

pursuant to statutory authority."  *Hensley*, 461 U.S. at 434 (internal quotation omitted).

Counsel, therefore, must make a good faith effort to exclude hours that are "excessive,

redundant or otherwise unnecessary."  *Id.*

The amount of fees requested by Plaintiff are based on several factors, including:

(1) the "lodestar", i.e., the number of hours reasonably expended on this case,

multiplied by a reasonable hourly rate; (2) the results obtained; (3) the amount in

controversy; (4) the length and value of representation; and (5) the complexity of this

case.

Plaintiff's counsel states that they spent a total of approximately 782.4 hours

working on this case.  (ECF No. 102 at 12-13).  Plaintiff's counsel charged at rates

ranging between $225/hr to $420/hr, depending on the experience and skill of the

attorney involved as well as the task being performed.  As set forth in the expert report

of Joseph Mellon, Plaintiff argues that these rates are reasonable.  These rates are also

consistent with rates regularly charged by other attorneys in similar areas of practice.

Based on the number of hours billed at reasonable hourly rates, the lodestar amount

sought by Plaintiff is **$225,327.50**.  American Family did not file a specific response to

Plaintiff's request for attorney fees, and when I inquired about this fact at the June 25,

2015 hearing, American Family's counsel admitted that although it had prepared a brief

in opposition, it was never filed due to oversight.  Thus, I find any objections to Plaintiff's

fee request to be waived.  Accordingly, based on my judicial experience and careful

consideration of the evidence (including Plaintiff's counsel's specific and detailed billing

records) and governing law, I find that Plaintiff has carried her burden and must be

awarded reasonable attorney fees of **$225,327.50** as a component of her overall

damages under  Colo. Rev. Stat. § 10-3-1116(1).

       D.    <u>Whether Plaintiff is Entitled to Recover Reasonable Costs</u>

Finally, Plaintiff requests reasonable costs in the amount of $58,530.84.  I find

that Plaintiff is entitled to costs that shall be taxed by the Clerk of the Court, however, as

I explained at the June 25, 2015 hearing, the parties shall proceed pursuant to

D.C.COLO.LCivR 54.1.

## III.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Amended Motion for Judgment (ECF No. 102)

is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order and for the

reasons stated on the record at the June 25, 2015 hearing.

Accordingly, the Clerk of the Court shall enter the Final Judgment in this matter in

favor of the Plaintiff and against the Defendant including the following damage

calculations and post-judgment interest:

Total Damages for the Breach of Contract Claim (stipulated):    $804,627.51
(includes the total value of the injury claim with simple and compound prejudgment
interest).

Total Damages for the Common Law Bad Faith Claim (stipulated):    $214,765.42
(includes the total value of the injury claim with compound prejudgment interest).

Total Damages for the Statutory Claim:                                        $964,560.82
(includes the total value of two times the covered benefit of $482,280.41).

                              **Subtotal:        $1,983,953.75**

Total Amount Awarded for Reasonable Attorney Fees:                $225,327.50

                              **Total:        $2,209,281.25**


        Dated:  June 26, 2015

                                        BY THE COURT:


                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Senior United States District Judge