IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-00380-WYD-KLM

SAMANTHA SPOKAS,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

**ORDER**

I.    INTRODUCTION

This matter is before me on Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs (ECF No. 122). Plaintiff seeks an award of costs in the amount of $40,896.23 in addition to the $11,426.74 in costs previously awarded by the Clerk of the Court pursuant to 28 U.S.C. § 1920. For the reasons stated below, the motion is granted in part and denied in part.

On April 6, 2015, the parties tried this bad faith breach of insurance contract case to a jury. The jury found in favor of Plaintiff as to all three of her claims: (1) breach of insurance contract; (2) common law bad faith; and (3) violation of Colo. Rev. Stat. §§ 10-3-1115 and 1116. On July 1, 2105, Judgment was entered in favor of the Plaintiff and against the Defendant in the amount of $2,209,281.25.[1]  (ECF No. 115).

On July 1, 2015, Plaintiff submitted her proposed Bill of Costs (ECF No. 116),

---

[1] This amount included an award of reasonable attorney fees in the amount of $225,281.25.

seeking $58,530.84.  After holding a cost hearing, the Clerk of the Court awarded Plaintiff $11,426.74 in taxable costs pursuant to 28 U.S.C. § 1920.  The Clerk of the Court's award did not consider allowable costs pursuant to Colo. Rev. Stat. § 10-3-1116(1).  Plaintiff challenges that determination in the pending motion.  In response, Defendant argues that Plaintiff may only recover the limited costs enumerated in 28 U.S.C. § 1920.  Alternatively, Defendant challenges specific itemized costs, suggesting that these costs are both unreasonable or unnecessary and incurred solely for the convenience of counsel.

II.     STANDARD OF REVIEW

As a threshold matter, I must determine the appropriate legal standard for evaluating Plaintiff's Bill of Costs.  Here, if the recovery of costs is governed solely by Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, many of Plaintiff's claimed costs cannot be recovered.  However, should Colo. Rev. Stat. § 10-3-1116(1) apply, Plaintiff's requested costs may, in large part, be recoverable.

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Recoverable costs under Rule 54(d)(1) are limited to the expenses enumerated in 28 U.S.C. § 1920, and include fees for transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. *See Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Although Rule 54(d) creates a presumption that

costs should be awarded to the prevailing party, the taxing of costs is within the sound discretion of the trial court.  *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002).

Here, Plaintiff seeks additional costs not allowable under Rule 54(d) pursuant to Colo. Rev. Stat. § 10-3-1116(1).  The statute provides that when an insurer unreasonably delays or denies a claim for a covered benefit, an insured party "may bring an action in a district court to recover reasonable attorney fees and **court costs** and two times the covered benefit."  Colo. Rev. Stat. § 10-3-1116(1) (emphasis added). In this case, the jury concluded that the Defendant unreasonably delayed and/or denied payment of UM benefits in the full amount of Plaintiff's accident-related damages. Consistent with my prior order awarding attorney fees, I find that Colo. Rev. Stat. § 10-3-1116(1) provides for an award of costs to an insured party who proves that an insurer unreasonably delayed or denied a claim for a covered benefit.  *See Garcia v. Wal-Mart Stores, Inc.,* 209 F.3d 1170, 1176 (10th Cir. 2000) (holding that to the extent that a Colorado statute authorizes the award of actual costs other than those costs authorized by a federal statute or rule, those costs are not barred by Fed. R. Civ. P. 54(d)(1)); *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 2008 WL 5044501 (D. Colo. Nov. 20, 2008) (holding that state statutes regarding award of costs to successful litigants control in diversity actions); *Watson v. Dillon Cos.*, 2013 WL 6023692 (D. Colo. Nov. 13, 2013); *Home Loan Inv. Co. v. St. Paul Mercury Ins.*, 2014 WL 6723965 (D. Colo. Nov. 25, 2014) (holding that costs are awardable under Colo. Rev. Stat. § 10-3-1116 in a federal diversity action to the extent that they do not conflict with federal law).

While Colo. Rev. Stat. § 10-3-1116(1) does not include its own definition of costs, Colorado courts have held that items such as: (1) costs for transcripts necessarily obtained for use in the case; (2) photocopy costs; (3) deposition costs; (4) mileage; (5) expert witness fees; and (6) computerized research expenses constitute costs under the general costs statute. *See* Colo. Rev. Stat. § 13-16-122. However, in awarding costs to Plaintiff, I use my discretion to determine whether they are reasonable and necessary. *Id.*

III.   ANALYSIS

   A.   Expert Witness Fees

Plaintiff seeks $26,065.00 in expert witness fees. Plaintiff itemizes her expert witness fees as follows: $2,440.00 for attorney fees expert, Joe Mellon; $7,025.00 for insurance bad faith expert, Prof. Garth Allen; $9,375.00 for treating spinal surgeon, Dr. Chad J. Prusmack; $225.00 for a treating neuropsychologist, Dr. Stephen Schmitz; and $2,000.00 for Ms. Spokas's primary medical provider, Dr. Levinson. (Pl's Mot. at 10).

First, Defendant objects to fees attributable to Mr. Mellon, arguing that Mr. Mellon's affidavit "contains language that is very similar to" the affidavits of both Mr. Rosenberg and Mr. Jordan, thus, retention of Mr. Mellon to sign a redundant affidavit "is not reasonable or necessary." (Pl's Mot. at 6). I find no merit to Defendant's objection. It was both reasonable and necessary for the Plaintiff to retain an expert to opine and substantiate Plaintiff's request for attorney fees, thus these costs are awardable. *See Stresscon Corp. v. Travelers Property Cas. Co. of America*, Nos. 11CA1239 & 11CA1582, 2013 WL 4874352, at *22 (Colo. App. Sept. 12, 2013) (holding that Plaintiff was entitled to an award of reasonable costs incurred in bringing its fee request). I

further find the requested total of $2,440.00 to be a reasonable amount of fees charged by Mr. Mellon.

Second, Defendant challenges certain fees attributable to Dr. Prusmack, who was Plaintiff's treating spinal surgeon. Plaintiff requests a total of $9,375.00, but Defendant argues that I should reduce this amount by $2,500.00. Specifically Defendant objects to costs for conferences between Plaintiff's counsel and Dr. Prusmack that included four separate clients, only one being the Plaintiff in this case. (ECF No. 116 at 56-59). Based on my careful review of the invoices, I agree with Defendant and reduce the costs awardable to Plaintiff associated with Dr. Prusmack by $2,500.00.

Finally, Defendant objects to the requested $2000.00 in expert costs for Dr. Levinson's trial testimony, arguing that the invoices do not indicate the number of hours or the hourly rate charged by Dr. Levinson. (ECF No. 116 at 60). While I generally agree that an expert witness's invoice for fees should be sufficiently definite for a court to determine whether the fees are necessary and reasonable, I distinctly remember the trial testimony of Dr. Levinson. Dr. Levinson gave lengthy, credible expert testimony that, in my opinion, was critical to the Plaintiff's case. He was Plaintiff's treating physician and opined on pivotal issues that were before the jury. Accordingly, I find that the requested amount of $2,000.00 for Dr. Levinson's trial testimony to be reasonable and necessary under the particular circumstances of this case.

### B.     Attorney Hotel and Focus Group Expenses

Plaintiff requests $3,613.59 for attorney hotel expenses and $6,992.40 in costs for a focus group. Defendant raises various objections to these costs arguing that they are not reasonable or necessary. I agree. Hotel expenses for attorneys and paralegals who live and work in the Denver Metro Area are not reasonable for a five-day trial that took place in downtown Denver. In fact, many individuals involved in the trial including defense counsel, court staff, and jurors were required to make the daily commute to downtown Denver to trial from their homes in the surrounding areas.

I also find the costs requested for a focus group to be unreasonable. First, Plaintiff failed to cite controlling case law in support of its contention that focus group costs are warranted in this case. Second, I am unconvinced that this case was complex enough to warrant a focus group. Here, it was undisputed that the uninsured driver was negligent in causing the accident. The only issues for the jury to decide involved whether the Defendant breached its insurance contract, delayed or denied the payment of benefits, or acted in bad faith. Thus, having presided over this straightforward, five-day jury trial, I do not believe that expenses associated with a focus group were reasonable or necessary in this case. *See Clawson v. Mountain Coal Co.*, Case No. 01-cv-02199-MSK-MEH, 2007 WL 4225578, at *14 (D.Colo. Nov. 28, 2007) and *Phillips v. Duane Morris*, Case No. 13-cv-01105-REB-MJW, 2014 WL 7051722, at *4-5 (D.Colo. Dec. 12, 2014) (holding that expenses associated with a focus group are taxable if they are reasonably warranted).

### C. Other Costs

Plaintiff requests additional costs for printing, mediation, courier services and postage. First, the Clerk of the Court awarded Plaintiff $599.07 in costs for printing and copying. Plaintiff seeks an additional $991.50 and submits invoices from both her lawyers' law firms in support of her argument that these remaining costs were separately billed to her. Based on my review of these submissions, I find that these costs were reasonable and necessary in litigating this case, and should be awarded. Second, Plaintiff requests $3,096.00 in mediation costs. In its response, Defendant concedes that it is responsible for half of the mediation costs per an agreement between the parties. While Plaintiff disputes the existence of such an agreement, without sufficient evidence to the contrary, I find that splitting the mediation cost is the most fair and equitable result. Accordingly, Plaintiff is awarded half of her requested mediation costs. *See Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1192-93 (Colo. App. 2011); *Home Loan Investment Co. v. St. Paul Mercury Ins. Co.,* 78 F. Supp. 3d 1307, 1323-24 (D.Colo. 2014). Finally, Plaintiff requests costs in the amount of $177.74 for courier and postage expenses. I find these costs to be reasonable and necessary, and thus, they are awarded to Plaintiff.

### V. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's' Motion for Judicial Review of Clerk's Taxation of Costs (ECF No. 122) is **GRANTED** to the extent that pursuant to Colo. Rev. Stat. § 10-3-1116, costs (in addition to those previously taxed by the Clerk) are taxed in the amount of **$26,242.24** against the Defendant. This amount is calculated as follows:

Requested amount:   $40,896.23

Reduced by:   $2,500.00   (disallowed portion of Dr. Prusmack's fees)
    $3,613.59   (disallowed costs for attorney hotel expenses)
    $6,992.40   (disallowed costs for a focus group)
    $1,548.00   (disallowed portion of mediation costs)
    $14,653.99

Total costs awarded: **$26,242.24**

The motion is **DENIED** in all other respects.

Dated:  November 2, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge